**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 9 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAVID JONATHAN THOMAS, | No. 19-16061 |
| Plaintiff-Appellant, | D.C. No. 3:17-cv-00677-MMD-CBC |
| v. | |
| CONNIE BISBEE; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Submitted June 2, 2020[**]

Before:    LEAVY, PAEZ, and BENNETT, Circuit Judges.

Nevada state prisoner David Jonathan Thomas appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging an equal

protection claim. We have jurisdiction under 28 U.S.C. § 1291. We review de

novo. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (dismissal under 28

---

     *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     **     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1915(e)(2)(B)(ii)); *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (dismissal under 28 U.S.C. § 1915A). We affirm.

The district court properly dismissed Thomas's action because Thomas failed to allege facts sufficient to state a plausible claim that he was intentionally discriminated against as a member of a protected class, or that he was intentionally treated differently from others similarly situated, without a rational basis for the different treatment. *See Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam) (elements of an equal protection "class of one" claim); *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013) ("To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." (citation and internal quotation marks omitted)); *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are liberally construed, a plaintiff must allege facts sufficient to state a plausible claim).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions and requests are denied.

**AFFIRMED.**

19-16061